UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────

SAIM SARWAR,
                      Plaintiff,

              -v-

3109 LINDEN HOTEL INC.,
                      Defendant.

20-CV-10608 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Saim Sarwar brings this action against 3108 Linden Hotel Inc. ("Linden Hotel"), asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* Sarwar now moves for a default judgment. (Dkt. No. 13.) For the reasons that follow, the motion is granted.

**I.    Background**

    The following background facts are taken from the Complaint (Dkt. No. 1). Sarwar is an individual with disabilities and requires the use of assistive devices to walk. (Dkt. No. 1 ¶ 1.) Sarwar is a "tester" for the purpose of ensuring that places of accommodation and their websites comply with the ADA. (Dkt. No. 1 ¶ 2.) Sarwar visited the reservation websites of Linden Hotel prior to the commencement of this lawsuit, "for the purpose of reviewing and assessing the accessible feature at the Property and ascertain[ing] whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs." (Dkt. No. 1 ¶ 10.) Sarwar discovered that the websites did not "identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." (Dkt. No. 1 ¶ 10.) As a result, Sarwar was deprived of the same treatment available to the general public. (*Id.*)

On December 16, 2020, Sarwar filed this action. (Dkt. No. 1.) Linden Hotel was served on February 19, 2021, and its answer was due on March 12, 2021. (Dkt. No. 5.) On March 23, 2021, Sarwar filed a proposed clerk's certificate of default (Dkt. No. 10), which was issued that same day (Dkt. No. 12). Sarwar then moved for default judgment. (Dkt. No. 13.)

**II.     Discussion**

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (internal quotation marks omitted).

Sarwar seeks injunctive relief, specifically requesting that Linden Hotel remediate its websites to bring them into compliance with the ADA. The Court concludes that based on the

well-pleaded allegations in Sarwar's complaint, Linden Hotel's liability has been established as a matter of law and that Sarwar is entitled to the relief he seeks.[1]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Sarwar is awarded judgment against Linden Hotel requiring it to:

(1) Remediate its websites to bring them into compliance with the ADA;

(2) Post photographs of the interior of each designated accessible room and the common areas; and

(3) Identify the accessible rooms on its websites and make them available for booking the same manner as non-accessible rooms.

Linden Hotel is directed to comply with the terms of this Order within sixty days after its entry. This Court will retain jurisdiction relating to Sarwar's attorney's fees and any motion for fees shall be filed within ninety days after the entry of this Order.

The Clerk is directed to close the motion at Docket Number 13. Sarwar is directed to mail a copy of this Order to Linden Hotel and to the New York Secretary of State.

SO ORDERED.

Dated: March 28, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] The Court also concludes that Sarwar has Article III standing to bring this suit. The Second Circuit recently held that testers have standing to sue if they allege "unequal treatment on the basis of a protected characteristic," and specifies "how the website violated ADA regulations or how those alleged violations discriminated against disabled people." *Harty v. West Point Realty, Inc.*, 2022 WL 815685, at *4 (2d Cir. Mar. 18, 2022). Sarwar has done that. (Dkt. No. 1 ¶ 10.)