UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAIM SARWAR,

                              Plaintiff,

                -v-

3108 LINDEN HOTEL, INC.,

                              Defendant.

20-CV-10608 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Saim Sarwar holds a default judgment against Defendant 3108 Linden Hotel, Inc. ("Linden") on claims Sarwar filed in this Court under the Americans with Disabilities Act of 1990 ("ADA), 42 U.S.C. § 12101 *et seq.* and the New York Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* (Dkt. No. 15.) In connection with that judgment, Sarwar now moves for an award of $3,880.00 in attorney's fees, litigation expenses, and costs. For the reasons that follow, Sarwar's unopposed motion is granted.

I.     **Legal Standard**[1]

In an ADA suit, a court may, in its discretion, award a prevailing party "a reasonable attorney's fee, including litigation expenses, and costs," 42 U.S.C. § 12205, and the same holds true in an NYCHRL action, *see* N.Y.C. Admin. Code § 8-502(g). In calculating an appropriate fee award, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An hourly rate is generally deemed to be reasonable if it reflects "the 'prevailing [hourly rate] in the community,'" defined as "the district where the district court sits." *Arbor Hill*

---

[1] The Court presumes familiarity with the facts of this case as set out in its March 28, 2022 Opinion and Order. (*See* Dkt. No. 14 at 1–2.)

*Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)

(alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

## II.   Discussion

As the prevailing party in this action, Sarwar is eligible for an award of attorney's fees

and costs.  Linden has made no effort to challenge Sarwar's position that this Court should

exercise its discretion to grant such an award, nor has Linden made any objection to the amount

requested.  The Court, having reviewed the time logs and other documentary materials Sarwar

has submitted in connection with his motion, concludes that the requested award is reasonable.

As for attorney's fees, Sarwar requests a total of $2,040.00, based on 4.8 hours of work at

a rate of $425 per hour.  (Dkt. No. 16-6.)  Courts within this Circuit have deemed "$425 [to] fall

within the range of reasonable hourly rates prevailing in the Southern District of New York,"

when adjusting for inflation, for attorneys with "vast experience" litigating civil rights.  *Swartz v.*

*HCIN Water St. Assocs., LLC*, 17 Civ. 4187, 2018 WL 5629903, at *3–4 (S.D.N.Y. Oct. 31,

2018); *see also Greene v. City of New York*, No. 12 Civ. 6427, 2013 WL 5797121, at *4

(S.D.N.Y. Oct.25, 2013) (citation omitted) ("[P]recedent in the Southern District reveals that

rates awarded to experienced civil rights attorneys [in the 10 years prior to a 2008 survey] have

ranged from $250 to $600.").  Here, Sarwar's counsel has practiced law for sixteen years and has

litigated many civil rights cases.  (Dkt. No. 16 at 4.)  The Court approves the requested hourly

rate of $425 and concludes that the submitted time logs adequately justify the expenditure of 4.8

hours on this case.

As for litigation expenses and other costs, Sarwar requests a total of $540 for filing fees

and service-of-process fees.  (Dkt. No. 16-3.)  *See Saunders v. Salvation Army*, No. 06 Civ.

2980, 2007 WL 927529, at *3 n.35 (S.D.N.Y. Mar. 27, 2007) (describing such costs as "clearly

compensable").  Sarwar also seeks $650.00 in expert fees for the expert that he hired to inspect

Linden, and Sarwar requests an additional $650.00 for an anticipated reinspection of Linden after Linden completes the repairs of existing barriers to access. The Court approves these expenses as well. *Spalluto v. Trump Int'l Hotel & Tower*, 04 Civ. 7497, 2008 WL 4525372, at *17 (S.D.N.Y. Oct. 2, 2008) ("The court in its discretion may award a prevailing party its reasonable expert fees as a 'litigation expense' pursuant to the ADA.").

### III.   Conclusion

For the foregoing reasons, Sarwar's motion for attorney's fees, litigation expenses, and costs in the amount of $3,880.00 is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 16.

SO ORDERED.

Dated:  May 24, 2022
         New York, New York

_____
                    J. PAUL OETKEN
              United States District Judge